De Souza-De Queiroz v. Barr

BIA
Farber, IJ
A078 965 604

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand twenty.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge,*
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

ADEMIR DE SOUZA-DE QUEIROZ,
*Petitioner,*

v. 18-3705
NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER: Gerald R. Nowotny, Esq., Latin American Law Center, Canton, CT.

FOR RESPONDENT: Joseph H. Hunt, Assistant Attorney General; Shelley R. Goad,

Assistant Director; Julia J. Tyler, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ademir De Souza-De Queiroz ("De Souza"), a native and citizen of Brazil, seeks review of a December 7, 2018, decision of the BIA both denying his second motion to reopen and affirming a March 7, 2018, decision of an Immigration Judge ("IJ") denying his first motion to reopen. *In re Ademir De Souza-De Queiroz,* No. A 078 965 604 (B.I.A. Dec. 7, 2018), *aff'g* No. A 078 965 604 (Immig. Ct. N.Y. City Mar. 7, 2018). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When, as here, an alien files a motion that seeks both rescission of an in absentia removal order as well as reopening of removal proceedings based on new claims for relief from removal, we treat the motion as "comprising two distinct motions" to rescind and to reopen. *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006). We review the

2

denial of a motion to rescind an in absentia removal order under the same abuse of discretion standard applicable to a motion to reopen. *Id.* De Souza was ordered removed in absentia in 2003 and sought to rescind that order and reopen proceedings in 2018. We find no abuse of discretion in the agency's decisions denying his motions.

A motion to rescind must be filed within 180 days of the removal order unless "the alien demonstrates that [he] did not receive notice" of his hearing. 8 U.S.C. § 1229a(b)(5)(C). De Souza did not satisfy the requirements for this exception to the 180-day deadline. Although he alleged a deficiency in his notice to appear, he appeared at an initial hearing and did not allege non-receipt of the relevant hearing notice. Accordingly, to the extent he sought to rescind the order, his motion was untimely. *See id.*

To the extent he sought reopening to apply for asylum or cancellation of removal, his motion was also untimely. An alien seeking to reopen proceedings may file a motion to reopen no later than 90 days after the final administrative decision. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R.

3

§§ 1003.2(c)(3), 1003.23(b)(1).  There is no dispute that De Souza's motion was untimely because it was filed 15 years after his final removal order.  While there is an exception to the time limitation for asylum, it does not apply here. "There is no time limit on the filing of a motion to reopen if the basis of the motion is to apply for [asylum] and is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii).  The BIA did not abuse its discretion in declining to reopen to the extent that De Souza sought to apply for asylum based on changed country conditions because he did not file the required application for relief and evidence demonstrating changed country conditions.  *Id.*; 8 C.F.R. § 1003.2(c)(1).  While counsel discussed country conditions in the motion and supporting briefs, counsel's statements are not evidence, *see Pretzantzin v. Holder*, 736 F.3d 641, 651 (2d Cir. 2013), and he did not identify any change in conditions in Brazil.  De Souza's allegation of changed personal circumstances does not

4

satisfy the exception. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273 (2d Cir. 2006) (holding that changed personal circumstances do not fall within the changed conditions exception to reopening).

Although De Souza also sought reopening to apply for cancellation of removal under 8 U.S.C. § 1229b(b), there are no exceptions to the time limitation for cancellation. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. §§ 1003.2(c)(3)(i)-(iv), 1003.23(b)(4)(i)-(iv).

De Souza's remaining arguments fail as well. De Souza contends that his notice to appear ("NTA") was ineffective to vest the IJ with jurisdiction because it omitted the time and date of his initial hearing. This argument is foreclosed by *Banegas Gomez v. Barr*, because he was subsequently personally served with a hearing notice and appeared at his initial hearings. 922 F.3d 101, 112 (2d Cir. 2019) (holding that "an NTA that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the alien"). We lack jurisdiction to review the BIA's

"entirely discretionary" determination not to exercise its authority to reopen proceedings sua sponte. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```